IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BILLIE JEAN AMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 5010 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| COOK COUNTY, ILLINOIS, a body politic, and | ) | |
| SHERIFF TOM DART, Sheriff of Cook County, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Billie Jean Ammons filed a three-count amended complaint against defendants Cook County and Sheriff Tom Dart of Cook County, Illinois, alleging employment discrimination in violation of the Family Medical and Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. (Count I) and the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 et seq. (Count II), and unlawful retaliation in violation of Title V of the ADA, 42 U.S.C. § 12203 (Count III). Defendants moved to dismiss counts II and III of plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that they were time-barred. The court granted defendants' motion to dismiss on March 15, 2012. Plaintiff has now moved this court to reconsider its March 15, 2012, order granting defendants' motion to dismiss counts II and III of plaintiff's amended complaint. For the reasons stated below, plaintiff's motion to reconsider is denied.

**FACTS**

Plaintiff, a Cook County Deputy Sheriff, was diagnosed with a permanent spinal injury in August 2003 while working for defendants. Shortly thereafter, she received proper authorization from defendants to take periodic medical leave under the FMLA based on the sudden emergence

of this condition. In 2006, defendants instituted a policy that restricted promotion opportunities available to officers who had taken medical leave. Specifically, the policy stated a minimum amount of medical leave time credit that a candidate officer must have had available to her in order to qualify for promotion to sergeant. According to plaintiff, she could not qualify for such a promotion because her continued use of FMLA-authorized medical leave since August 2003 prevented her from meeting the requisite threshold amount of time as stated under defendants' policy. Plaintiff alleges that defendants denied her promotion to sergeant rank solely on the basis of her permanent injury, as a consequence of her having to use medical leave.

## PROCEDURAL HISTORY

On November 22, 2010, plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that defendants failed to promote her based on her disability and open opposition to defendants' 2006 policy of disqualifying officers from promotion to sergeant based on their use and necessity of qualified medical leave. On April 28, 2011, the EEOC issued plaintiff a right-to-sue letter, informing her that she had a right to file a claim within 90 days of receipt of the letter, and that a failure to file within this time frame would bar her right to sue.[1] Plaintiff filed a complaint on July 25, 2011—87 days after receiving her right-to-sue letter—asserting claims of employment discrimination based on her use of benefits (i.e., medical leave) provided by the FMLA and "her illness which precipitated [the use of those benefits]" in violation of the ADA (Compl. ¶ 11), and unlawful retaliation in violation of Title V of the ADA.

---

[1]The timely filing of an EEOC charge is not a jurisdictional requirement but is a precondition, like a statute of limitations. Gibson v. West, 201 F.3d 990, 993 (7th Cir. 2000).

Upon receipt of the complaint, defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that the factual allegations were insufficient to state a claim under the ADA, citing Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).

On January 25, 2012, this court granted the motion at initial presentation, and dismissed the complaint without prejudice (the "January 25 Order"). During the hearing, plaintiff's counsel stated that he agreed with defendants' motion to dismiss and asked the court for leave to file an amended complaint. This court granted counsel's request and gave plaintiff leave to re-file on or before February 15, 2012. Plaintiff filed an amended complaint on February 15, 2012. Count I of the amended complaint was brought pursuant to the FMLA, and counts II and III alleged discrimination and retaliation under the ADA and Title V, respectively.[2]

On March 7, 2012, defendants filed a motion to dismiss Counts II and III of the amended complaint. In their motion, defendants argued that Counts II and III were time-barred because they were filed after the 90-day statutory filing period had elapsed. On March 15, 2012, plaintiff's counsel failed to appear on the motion and the court granted defendants' motion to dismiss. Plaintiff then filed the instant motion to reconsider and vacate this court's order of March 15, 2012, pursuant to Fed. R. Civ. P. 59(e).

---

[2]For purposes of this opinion, only Counts II and III are at issue. Unless otherwise indicated, Counts II and III are referred to as the "amended complaint" or "ADA claims."

## DISCUSSION

### I. Legal Standard: Motion for Reconsideration

Rule 59(e) is designed to address substantive questions concerning a judgment. Villegas v. Princeton Farms, Inc., 893 F.2d 919, 924 (7th Cir. 1990). To prevail on a motion to reconsider, the movant must present either newly discovered evidence or establish a manifest error of law or fact. Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000). "Manifest error" is not demonstrated by disappointment of the losing party; rather, it is the wholesale disregard, misapplication, or failure to recognize controlling precedent. Id. Motions to reconsider that merely take umbrage with the court's ruling and rehash old arguments, and do not demonstrate that there was disregard, misapplication or failure to recognize controlling precedent, are properly rejected by the court. Id. Further, a party may not use a motion to reconsider to introduce new evidence that could have been presented earlier. Id.

### II. Analysis

The court technically did not enter a final judgment in this case when, on January 25, 2012, it dismissed plaintiff's original complaint without prejudice and with leave to amend. As discussed below, however, unique circumstances existed that allowed for the dismissal of that complaint to constitute adequate finality for appeal. Thus, although Rule 59(e) applies, plaintiff fails entirely to present either a manifest error of law or fact or newly discovered evidence. Rather, in large part, plaintiff attempts to use this motion as a vehicle to re-argue issues that were already raised prior to dismissal.

Plaintiff contends that, because the court dismissed her original complaint without prejudice and with leave to amend, the January 25 Order of dismissal was not final, and hence

not appealable. See 28 U.S.C. § 1291. Plaintiff's argument hinges exclusively on the application of the Seventh Circuit's pronouncements in Schering-Plough Healthcare Prods. Inc. v. Schwarz Pharma, Inc., 586 F.3d 500, 506 (7th Cir. 2009), and Hoskins v. Poelstra, 320 F.3d 761, 763 (7th Cir. 2003), which stated in dictum: "The typical case in which a dismissal [without prejudice] is non-final is a dismissal on the basis of an error that the judge expects will be corrected by the filing of an amended complaint. The judge has not finished with the case, and appeal would therefore be premature." According to plaintiff, by granting leave to amend at the time of dismissing the original complaint, the court expected plaintiff to file an amended complaint within the articulated time period, upon which litigation would continue. Therefore, according to plaintiff, her timely amendment thereafter is incompatible with characterizing the January 25 Order, disposing Counts II and III, as final and immediately appealable.

Plaintiff's argument is without merit for several reasons. First, both Schering-Plough and Hoskins are distinguishable from the instant case. Although an order dismissing a complaint without prejudice is typically not a final and appealable judgment, in certain instances such a dismissal will be sufficiently final to permit appellate review. See Lee v. Cook Cnty., 635 F.3d 969, 972 (7th Cir. 2011). This exception applies when it is clear from the record that the plaintiff will not be able to amend her complaint, such as when a newly filed complaint would be barred by the applicable statute of limitations. See Furnace v. Bd. of Tr., 218 F.3d 666, 670 (7th Cir. 2000); Ordower v. Feldman, 826 F.2d 1569, 1572 (7th Cir. 1987).

Here, unlike in Schering-Plough and Hoskins, this exception clearly applies.[3] Despite the lack of a final judgment disposing of plaintiff's ADA claims, manifest limitations problems existed making the January 25 Order of dismissal final for appellate review. There is no dispute that plaintiff's timely filing of her original complaint 87 days after receiving the right-to-sue letter stopped the running of the statute of limitations. But when this court dismissed plaintiff's original complaint without prejudice and with leave to amend on January 25, 2012, the "tolling effect of the filing of the suit [was] wiped out and the statute of limitations was deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." Lee, 635 F.3d at 971-72; Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000) (concluding that a dismissal without prejudice is treated for statute of limitations purposes as if the complaint had never been filed). "Once the statute of limitations has run, a dismissal without prejudice is effectively with prejudice." Elmore, 227 F.3d at 1011 (emphasis added). Thus, on the very date that this court dismissed the original complaint, nominally without prejudice, plaintiff's ADA litigation was effectively terminated because the 90-day period for filing ADA claims had already expired. Plaintiff could not just start over again because when her first complaint was dismissed without prejudice, it was as though no ADA complaint had ever been filed. Consequently, when plaintiff attempted to file an amended complaint, her ADA claims were time-barred. See Lee, 635 F.3d at 971; Elmore, 227 F.3d at 1011.

---

[3]It is worth noting that while neither of the cases that plaintiff cites are analogous to this case, both expressly recognize this exception. In fact, after noting this exception and citing related cases in support, the court in Schering-Plough noted, "the holdings of those cases (as distinct from their dicta) are consistent with the proposition that a dismissal without prejudice is appealable unless the reason for the dismissal is an easily fixable problem." 586 F.3d at 507. As will be discussed below, the problems with plaintiff's original complaint were not easily fixable.

This consequence should not come as a surprise to plaintiff, whose counsel also encountered this problem in Lee and Zepeda v. Cook Cnty., No. 11-Cv-1604, Dkt. #31, (January 17, 2012).[4] Both cases involved a similar factual situation to this case, and in both, plaintiff's counsel was cautioned that the appropriate remedy was to appeal the original dismissal order.[5] Having received the Lee opinion in March 2011, and the Zepeda opinion on January 17, 2012, plaintiff's counsel knew that once the court dismissed the complaint on January 25, 2012, plaintiff was precluded from re-filing and should have appealed immediately.[6] See Lee, 635 F.3d at 972; Schering-Plough, 586 F.3d at 507 ("A dismissal without prejudice that is 'conclusive in practical effect' is certainly appealable."). Counsel might have, but did not, ask the court for leave to amend without dismissing the original complaint; to the contrary, he agreed to the dismissal.

Moreover, the fact that this court granted plaintiff leave to amend at the time of dismissing the original complaint is irrelevant to determining the finality of the January 25 Order. Appellate jurisdiction should be determined mechanically, without guessing the district judge's expectations. Hoskins, 320 F.3d at 761. In Hoskins—the case on which plaintiff attempts to rely—the Seventh Circuit advised that when a judgment's finality is unclear, "the

---

[4]Subject to a pending motion to reconsider

[5]Another way to avoid this problem would be to procure defendants' stipulation to waive the limitations defense.

[6]In fact, over the past year, plaintiff's counsel has been admonished by the district court and the Seventh Circuit on at least three separate occasions for his failure to file a timely complaint, followed by his failure to file a timely appeal, and his disregard of both courts' express instructions about which issues are properly appealable. See, e.g., Ammons v. Cook Cnty., 424 F. App'x 556, 557 (7th Cir. 2011); Lee, 635 F.3d at 974; Zepeda, No. 11-Cv-1604, Dkt. #31, pp. 6-7.

only safe route is to treat it as final." Id. Even though plaintiff's filing of the amended complaint complied with the date set in the court's order dismissing the original complaint, plaintiff's counsel should have been aware that "[d]istrict judges lack authority to extend statutory periods of limitations." Lee, 635 F.3d at 972. Perhaps plaintiff's counsel is invoking the idea that a filing with a federal judge may be deemed timely "where a party has performed an act which, if properly done, would [meet] the deadline . . . and has received specific assurance by a judicial officer that this act has been properly done." See id. (citing Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989)). This court, however, did not specifically assure plaintiff's counsel that filing an amended complaint by February 15, 2012, would be "properly done,"[7] and thus induce counsel to wait.

As this court's order dismissing the complaint indicates, the court did not intend this result. The court notes, however, two key missteps by plaintiff that led to this unfortunate situation. First, plaintiff waited until the third-to-last day of the 90-day filing period to file her complaint. Although this filing was timely, it left plaintiff little leeway for a situation such as this. Second, and even more problematic given the filing date, plaintiff's initial complaint was clearly deficient. For example, the confusing nature of the complaint alone could not adequately inform defendants as to exactly what type of claim plaintiff was bringing against them.[8]

---

[7]In fact, at the time it issued the January 25 Order, this court was not made aware of the fact that the complaint was not filed until the 87th day after plaintiff received the right-to-sue letter. While that fact might have been buried in the pleadings (the date of the complaint and the exhibit showing the date of the right-to-sue letter), neither counsel for defendant or plaintiff mentioned it at the January 25 hearing.

[8]Although plaintiff entitled her complaint, "Complaint under Americans with Disabilities Act of 1990," she alleged "the sole reason for defendants denying [her] promotion to sergeant

(continued...)

Additionally, even if plaintiff intended to bring an ADA claim, she failed to state that she had a disability, and if so, what her alleged disability was.[9] Plaintiff also failed to state whether any alleged disability was permanent or temporary, and, if temporary, when she had a "disability" as defined by the ADA. While the court recognizes that there are "minimal pleading standards for simple claims" such as those alleged by plaintiff, Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008), at the same time, "[a] complaint should contain information that one can provide and that is clearly important." EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 780 (7th Cir. 2007) (emphasis omitted) ("Encouraging a plaintiff to plead what few facts can easily be provided and will clearly be helpful serves to expedite resolution by quickly alerting the defendant to basic, critical factual allegations . . ."). Plaintiff's initial complaint omitted information that she could have easily provided, and did, in fact, attempt to provide in her amended complaint. See Am. Compl. ¶ 42 (explaining her disability); ¶¶ 16, 44, 74-75 (specifying her independent claims under the FMLA and the ADA). Had these allegations been provided initially, plaintiff could have avoided the current situation.

**CONCLUSION**

For the foregoing reasons, the court denies plaintiff's motion to reconsider and vacate the order of March 15, 2012, pursuant to Fed. R. Civ. P. 59(e) because plaintiff has not asserted

---

[8](...continued)
[was her] taking of leave pursuant to FMLA." Adding to this confusion is the fact that during the initial hearing on the motion to dismiss, plaintiff's counsel explained that the complaint was "really more of a FMLA claim" than anything. Therefore, the original complaint seemed to indicate that plaintiff might only have wanted to proceed with her FMLA claim—which is not time-barred and with which plaintiff may proceed.

[9]She only mentions having an "illness." (Compl. ¶ 13)

grounds sufficient to alter the judgment dismissing Counts II and III of plaintiff's amended complaint. The parties are directed to file a joint status report relating to Count I (FMLA) on the court's form on or before July 16, 2012, and appear for a status conference on July 25, 2012, at 9:00 a.m.

**ENTER: June 20, 2012**

**Robert W. Gettleman**
**United States District Judge**